UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID S. AYERS, et al. ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:03-cv-01780 RLY-TAB |
| ) | |
| MARATHON ASHLAND PETROLEUM ) | |
| LLC, and SPEEDWAY SUPERAMERICA ) | |
| LLC, ) | |
| Defendants. ) | |

**ENTRY ON MARATHON ASHLAND PETROLEUM LLC'S MOTION FOR SUMMARY JUDGMENT AS TO THE LAPENTA AND DAWSON PLAINTIFFS**

Plaintiffs Vincent Lapenta and Lapenta Marathon Service ("Lapentas") and Robert Dawson, Pamela Dawson, and Dawson & Dawson Management, Inc. ("Dawsons") have alleged that Defendant Marathon Ashland Petroleum LLC ("MAP") violated covenants of good faith and fair dealing, the Indiana Uniform Commercial Code, and the Indiana Deceptive Franchise Practices Act.[1] The matter is now before the court on MAP's motion for summary judgment against the Lapentas and Dawsons. For the following reasons, MAP's motion is **granted**.

---

[1] The Lapentas and Dawsons have not joined in the claim for tortious interference that is part of the Third Amended Complaint.

**I.   Summary Judgment Standard**

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A fact is material if it is outcome determinative. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is genuine "only when a reasonable jury could find for the party opposing the motion based on the record as a whole." *Pipitone v. United States*, 180 F.3d 859, 861 (7th Cir. 1999).

In determining whether a genuine issue of material fact exists, the court must view the record and all reasonable inferences in the light most favorable to the non-moving party.  *Heft v. Moore*, 351 F.3d 278, 283 (7th Cir. 2003).  The moving party bears the burden of demonstrating the "absence of evidence on an essential element of the non-moving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The non-moving party may not, however, simply rest on the pleadings, but must demonstrate by specific factual allegations that a genuine issue of material fact exists for trial.  *Green v. Whiteco Industries, Inc.*, 17 F.3d 199, 201 (7th Cir. 1994) (citing *Celotex*, 477 U.S. at 322).

**II.   Facts**

The Lapenta Plaintiffs did not respond to MAP's Motion for Summary Judgment. "If the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in his favor on a material question, the court must enter summary

judgment against him." *See Conner v. Howe*, 344 F. Supp. 2d 1164, 1169 (S.D. Ind. 2004) (citing *Celotex*, 477 U.S. 322).  Therefore the court grants summary judgment against the Lapenta Plaintiffs.

Further, in support of its motion for summary judgment, MAP argues that the Dawsons' second and third claims are time barred.  The Dawsons did not respond to that argument.  Therefore, the court's analysis is limited to the Dawsons' first claim for relief, which is for breach of the open price term of the dealer supply agreement between MAP and the Dawsons.  *Conner*, 344 F. Supp. 2d at 1169.  The facts outlined here are only those relevant to the Dawsons' first claim.

The Dawsons are former lessee-dealers of Marathon stations 2223 and 2097. (Brief in Support of Motion at 4).  In September 2001, MAP terminated the Dawsons' leases.  (*See* Ex. 173 (ejectment complaint)).  In October 2001, MAP filed suit against the Dawsons for ejectment and money damages.  (R. Dawson Dep. at 13-14).  The two stations involved in the ejectment action are the same ones that are the subject of the Dawsons' claim in the case at bar.  The Dawsons were aware of the alleged connections between Speedway, MAP, and pricing practices prior to the ejectment action.  (R. Dawson Dep. at 46-48).

In the ejectment action, MAP was awarded possession of the stations, and the parties subsequently entered into a stipulation of dismissal with prejudice.  (Ex. 175).  An Order of Dismissal With Prejudice was entered on August 23, 2003, and it specifies that "all remaining and potential claims and counterclaims in this action . . . be dismissed with

prejudice." (Ex. J). The case at bar was filed on November 26, 2003.

**III.  Discussion**

MAP bases its argument in favor of summary judgment on the doctrine of res judicata. In Indiana, claim preclusion and issue preclusion are the two bases for res judicata.[2] *Wedel v. American Elec. Power Service Corp.*, 681 N.E.2d 1122, 1131 (Ind. Ct. App. 1997).

> Claim preclusion applies where a final judgment on the merits has been rendered which acts as a complete bar to a subsequent action on the same claim between those parties and their privies. When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action . . . Issue preclusion bars the subsequent relitigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in a subsequent action.

*Id.* (citations omitted). Because illegal pricing was not at issue in the earlier suit, issue preclusion does not apply. The parties dispute whether the Dawsons' claims are barred by claim preclusion. Claim preclusion is applicable when a subsequent claim is "inextricably woven to the first claim such that these claims could have been or, more appropriately should have been, determined in the first action." *Small v. Centocor, Inc.*, 731 N.E.2d 22, 27 (Ind. Ct. App. 2000).

The ejectment action involved the same parties, stations, and leases that are the

---

[2] Under Indiana law, res judicata consists of four elements: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the matter at issue was or should have been raised in the earlier suit; (3) the earlier and current suits involve the same parties; and (4) the judgment in the earlier suit was rendered on the merits. *See, e.g., Bell v. Commonwealth Land Title Ins. Co.*, 494 N.E.2d 997, 1001 (Ind. Ct. App. 1986); *Peterson v. Culver Educ. Found.*, 402 N.E.2d 448, 460 (Ind. Ct. Ap. 1980). Only the second element is in dispute here.

4

subject of the Dawsons' current claim, and one of the Dawsons' defenses in the ejectment action was fraudulent inducement and misrepresentation by MAP representatives. Furthermore, the Dawsons were aware of the alleged connection between MAP, Speedway, and pricing practices before MAP filed its ejectment action in October 2001. (R. Dawson Dep. at 50-51; P. Dawson Dep. at 16-19).  And allowing the Dawsons to bring their claim now would contradict their stipulation of dismissal, which specified that "all remaining and potential claims and counterclaims in this action . . . be dismissed with prejudice." (Ex. J). *See Richter v. Asbestos Insulating & Roofing*, 790 N.E.2d 1000, 1002-03 (Ind. Ct. App. 2003) ("a dismissal with prejudice is conclusive of the rights of the parties and is res judicata as to any questions that might have been litigated") (citations omitted).

The court finds that the two cases are inextricably linked. The Dawsons should have presented their present claim as a counterclaim in the ejectment action.

**IV.    Conclusion**

Claim preclusion applies to the Dawsons' claim for breach of the open price term of the dealer supply agreement between themselves and MAP.  Neither the Lapentas nor the Dawsons responded to the remainder of MAP's arguments.  Therefore, MAP's Motion for Summary Judgment as to the Lapenta and Dawson Plaintiffs is **granted**.

Dated: January 24, 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

5

Electronic Copies To:

Thomas P. Bleau
BLEAU FOX & FONG
tbleau@bleaufox.com

Christopher W. Cotterill
BARNES & THORNBURG
chris.cotterill@btlaw.com

Joseph Gregory Eaton
BARNES & THORNBURG
joe.eaton@btlaw.com

Charles P. Gaddy
GADDY & GADDY
sportspro@netdirect.net

Barbara J. Meier
BARNES & THORNBURG
barbara.meier@btlaw.com

T. Joseph Wendt
BARNES & THORNBURG
jwendt@btlaw.com

Copy to:

Maureen E. Gaddy
GADDY & GADDY
1010 North High School Road
Indianapolis, IN 46224-6100