UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID S. AYERS, et al., ) | |
|     Plaintiffs, ) | |
| ) | |
|   vs. ) | |
| ) | |
| MARATHON ASHLAND PETROLEUM, ) | 1:03-cv-01780 RLY-TAB |
| LLC, and MARATHON PETROLEUM ) | |
| COMPANY, LLC f/k/a SPEEDWAY ) | |
| SUPERAMERICA, LLC ) | |
|     Defendants. ) | |

**ENTRY ON MARATHON PETROLEUM COMPANY, LLC'S AMENDED MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFFS' FOURTH CLAIM FOR RELIEF**

This matter is before the court on Defendant Marathon Petroleum Company, LLC ("MPC") f/k/a Marathon Ashland Petroleum, LLC's Motion for Judgment on the Pleadings on the Plaintiffs' Fourth Claim for Relief in Their Third Amended Complaint. In that claim, David Ayres, Dennis Ellis, and Kenneth Surber ("Plaintiffs") allege tortious interference with business relationships. For the following reasons, MPC's Motion is **granted**.

**I.  Background**

Plaintiffs contend that MPC interfered with their "opportunities to sell their Marathon-branded service stations to third parties by either convincing the third-parties to boycott the sale of Plaintiffs' Marathon-branded service stations or by willfully acting

against their franchisees and/or the third parties in their attempts to contact Marathon about the sale" of the stations. (Third Am. Complaint ¶ 86). For this claim, Plaintiffs seek compensatory, punitive, consequential, and special damages. (Third Am. Complaint at 29).

## II.     Motion for Judgment on the Pleadings

### A.     Standard

"[A]fter the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard as a motion for dismissal under Federal Rule of Civil Procedure 12(b)(6). *Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 798 (7th Cir. 2004); *Evans v. Lederle Labs.*, 167 F.3d 1106, 1108 (7th Cir. 1999). When evaluating the Rule 12(c) motion, the court looks to the content of the pleadings and exhibits and views them in the light most favorable to the nonmoving party. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Judgment is appropriate only when it "appears beyond doubt that the plaintiff can prove no facts sufficient to support his claim for relief." *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997).

### B.     Analysis

To establish tortious interference with business relationships and prospective economic advantage, Plaintiffs will have to show: (1) the existence of a valid relationship; (2) MPC's knowledge of the existence of the relationship; (3) MPC's intentional

interference with that relationship; (4) the absence of justification; and (5) damages resulting from MPC's wrongful interference with that relationship. *Rice v. Hulsey*, 829 N.E.2d 87, 91 (Ind. Ct. App. 2005). Plaintiffs must also show that MPC took "some independent illegal action." *Brazauskas v. Fort Wayne-South Bend Diocese, Inc.,* 796 N.E.2d 286, 291 (Ind. 2003).

According to MPC, Plaintiffs' claim fails because they have not alleged any independent illegal action, they have only alleged a breach of contract. Plaintiffs counter that MPC committed the independent illegal acts of fraud and constructive fraud.

**1.    Fraud**

In its September 30, 2004 Entry on Plaintiffs' Motion to Remand, this court found that in Indiana, actionable fraud cannot be predicated on a broken promise of future conduct. *See, e.g.*, *Farrington v. Alsop*, 670 N.E.2d 106, 109 (Ind. Ct. App. 1996); *Comfax Corp. v. North America Van Lines*, 587 N.E.2d 118 (Ind. Ct. App. 1992). Therefore, MPC's alleged false promises cannot form the basis for Plaintiffs' tortious interference claim.

**2.    Constructive Fraud**

The elements of constructive fraud are: "1. a duty owing by the party to be charged to the complaining party due to their relationship, 2. violation of that duty by the making of deceptive material misrepresentations of past or existing facts or remaining silent when a duty to speak exists, 3. reliance thereon by the complaining party, 4. injury to the complaining party as a proximate result thereof, and 5. the gaining of an advantage by the

3

party to be charged at the expense of the complaining party." *Block v. Lake Mortg. Co., Inc.*, 601 N.E.2d 449, 451 (Ind. Ct. App. 1992).

Plaintiffs' first argument in favor of their constructive fraud claim is essentially circular: MPC committed constructive fraud by violating its "duty to Plaintiffs to not commit constructive fraud." (Response at 4). In support of this argument, Plaintiffs rely exclusively on *Wright v. Pennamped*, 657 N.E.2d 1223 (Ind. Ct. App. 1995).

In *Wright*, the defendant materially altered loan documents after the plaintiff's attorney had reviewed them. The appellate court reversed the trial court's grant of summary judgment in the defendant's favor, reasoning that "[t]he material alteration of loan documents after the review and approval of those documents by opposing counsel and the presentation of the revised documents for execution with no indication that changes have been made is the sort of conduct which should be prohibited because it is inherently likely to create injustice." *Wright*, 657 N.E.2d at 1234 (citation omitted). Wright's claim was not based on promissory fraud; it was based on a material alteration.

The claim in question here is based on promissory fraud. As previously reasoned by this court, "[i]f the fact that a party makes a false promise were sufficient to create a relationship that could support a claim for constructive fraud, then the long-established principle against allowing claims of promissory fraud could be avoided by merely re-labeling the claim as one for constructive fraud." *Plummer v. Consolidated City of Indianapolis,* 2004 WL 2278740, *20 (S.D.Ind. 2004) (Hamilton, J.) (also discussing *Wright*). Plaintiffs have alleged the breach of an oral contract; such allegations do not

satisfy the illegality requirement of a claim for tortious interference. *See*, *Jeppesen v. Rust*, 8 F.3d 1235, 1239 (7th Cir. 1993) ("[t]hese rules of law . . . would be hollow if the plaintiff could transmute the breach into the tort of interference with business relations").

Plaintiffs' second theory of constructive fraud is that MPC's statements to potential buyers of the service stations about the value of the stations were "intentional material misrepresentations rising to the level of fraud." (Response at 5). MPC argues that it has no duty not to share its opinions with prospective purchasers. Indeed, "expressions of opinion are not actionable." *Darst v. Illinois Farmers Ins. Co.*, 716 N.E.2d 579, 581 (Ind. Ct. App. 1999).

Plaintiffs attempt to overcome the rule articulated in *Darst* by citing to *Building Materials v. T&B Structural Systems, Inc.* for the proposition that misrepresentations can amount to more than mere opinion. 804 N.E.2d 277 (Ind. Ct. App. 2004). *Building Materials* was a negligence case that dealt with the assumption of a duty by the defendant, who was involved in the construction of a retaining wall. *Building Materials*, 804 N.E.2d at 282. The opinion in question in that case was the defendant's opinion, upon which the plaintiff relied, that the retaining wall could be fixed by the addition of backfill to the wall. *Id*. The case at bar raises the question of whether opinions are actionable as the basis for constructive fraud claims, not negligence claims. As such, Plaintiffs' reliance on *Building Materials* is misplaced.

**IV.     Request to Amend**

In their Response brief, Plaintiffs seek leave to amend their complaint to

supplement their allegations. Their request does not conform with Local Rule 15.1 and is therefore denied. *See* S.D.Ind.L.R. 15.1.

**V.     Conclusion**

MPC's Amended Motion for Judgment on Plaintiffs' Fourth Claim for Relief (Docket #168) is **granted**. MPC's original Motion for Judgment on Plaintiffs' Fourth Claim for Relief (Docket #164) is **denied** as moot. Plaintiff's request for leave to amend their complaint to supplement their allegations is **denied**.

Dated:  August 3, 2006.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Thomas P. Bleau
BLEAU FOX & FONG
tbleau@bleaufox.com

Joseph Gregory Eaton
BARNES & THORNBURG LLP
joe.eaton@btlaw.com

Charles P. Gaddy
GADDY & GADDY
gaddy@netdirect.net

Maureen E. Gaddy
GADDY & GADDY
1010 North High School Road
Indianapolis, IN 46224-6100

Barbara J. Meier
BARNES & THORNBURG LLP
barbara.meier@btlaw.com

Barak Vaughn
BLEAU FOX & FONG
bvaughn@bleaufox.com

T. Joseph Wendt
BARNES & THORNBURG LLP
jwendt@btlaw.com