UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID S. AYERS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 1:03-cv-1780- RLY-TAB |
| vs. | ) | |
| | ) | |
| MARATHON ASHLAND PETROLEUM LLC, | ) | |
| and SPEEDWAY SUPERAMERICA LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFFS' MOTION TO AMEND**

This cause is before the Court on Plaintiffs' motion to amend their fourth amended complaint. [Docket No. 282.] In their proposed fifth amended complaint, Plaintiffs seek to allege specifically that each Plaintiff gave notice of non-conformity in accordance with UCC § 2-607(3) and Ind. Code § 26-1-2-607(3). [*Id.* at 4.] For the reasons set forth below, Plaintiffs' motion to amend is denied.

The standard for determining whether to grant a motion to amend a pleading is Federal Rule of Civil Procedure 15(a)(2): "The court should freely give leave when justice so requires." Though this standard is generally liberally applied, there are limitations on its application. The Court may deny a motion to amend "if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Campania Mgmt. Co. v. Rooks*, *Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002)); *see also Foman v. Davis*, 371 U.S. 178, 183 (1962). Furthermore, "burden to the judicial system can justify a denial of a motion to amend

"even if the amendment would cause no hardship at all to the opposing party.'" *Perrian v. O'Grady*, 958 F.2d 192, 195 (7th Cir. 1992) (quoting *Tamari v. Bache & Co. S. A. L.,* 838 F.2d 904, 908 (7th Cir. 1988). Delay itself is not usually "a sufficient basis for denying a motion to amend, but 'the longer the delay, the greater the presumption against granting leave to amend.'" *Perrian*, 958 F.2d at 194 (quoting *Tamari,* 838 F.2d at 909). In this case, the untimeliness of the motion and the prejudice to the Court and to the Defendants provide a sufficient basis for denying the motion.

The immense period of time since the passing of the Case Management Plan deadline for amended pleadings suggests a presumption against granting leave to amend. The CMP required that all motions for leave to amend the pleadings be filed on or before May 28, 2004. [Docket No. 34.] Thus, Plaintiffs filed the instant motion over four years after the agreed upon, Court-approved deadline for amended pleadings. The Court never extended this deadline, nor did the parties request an extension of this deadline. Nevertheless, Plaintiffs have already been given four prior opportunities to amend the complaint, and Plaintiffs' last motion to amend came on September 1, 2006—more than two years after the CMP deadline for amended pleadings. [Docket No. 198.] This Court has therefore already been quite liberal in granting Plaintiffs' motions to amend. The liberal standard under Rule 15(a) does not provide parties limitless opportunities to correct pleadings. There have been no new factual developments to explain the need to amend the complaint so belatedly, as notice is a well-established substantive condition precedent under UCC § 2-607(3).

Rather, this motion is a belated attempt to cure a problem the Court noted in the ruling on summary judgment. The Court granted Defendants' motion for summary judgment because

Plaintiffs failed to "allege in their complaint that they had given notice to Marathon of its breaches of contract," which is required in order to recover for breach. [Docket No. 281 at 15.] In unequivocally barring the breach of contract claim for failure to allege notice, the Court did not offer Plaintiffs the option to remedy the omission by a fifth amended complaint. Justice does not require that the Court now allow the Plaintiffs to amend the complaint in an effort to set aside an unfavorable summary judgment result. Rule 15(a) is not a mechanism for undermining a court order.[1]

Plaintiffs argue that they did not specifically allege notice in their prior complaints because Defendants did not raise the notice issue until the most recent motion for summary judgment. [Docket No. 237.] However, Plaintiffs could have moved for leave to amend the complaint when Defendants raised the issue at the summary judgment stage before the Court spent time addressing the issue. [Docket No. 238 at 43-46.] Plaintiffs chose to wait and see how the Court would rule on the summary judgment motion. Plaintiffs apparently were confident enough prior to the Court's summary judgment ruling not to move to amend at that time. Now that this gamble failed to pay off, Rule 15(a) does not require the Court to allow Plaintiffs to belatedly attempt to correct the pleading after the Court addressed the issue in its summary judgment order.

Plaintiffs also argue that leave to amend should be granted because Defendants will not be prejudiced by the amendment. However, there has been some prejudice to Defendants given that they have expended resources bringing this issue—and prevailing—at the summary

---

[1] The more appropriate vehicle at this stage would be to file a motion for reconsideration of the relevant portion of the summary judgment ruling under Rule 59(e), though the Court takes no position on the merits of such a motion.

judgment stage.  Furthermore, irrespective of the degree of prejudice to the Defendants, the burden to the Court noted previously in addressing the notice issue at summary judgment is enough to justify denial of a motion to amend.  *Perrian*, 958 F.2d at 195.

For all of these reasons, Plaintiffs' motion to amend the fourth amended complaint [Docket No. 282] is denied.

Dated: 05/30/2008

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Thomas P. Bleau
BLEAU FOX & FONG
tbleau@bleaufox.com

Joseph Gregory Eaton
BARNES & THORNBURG LLP
joe.eaton@btlaw.com

Charles P. Gaddy
Maureen E. Gaddy
GADDY & GADDY
gaddy@netdirect.net

Celim E. Huezo
BLEAU FOX
chuezo@bleaufox.com

Barbara J. Meier
BARNES & THORNBURG LLP
barbara.meier@btlaw.com

Barak Vaughn
BLEAU FOX & FONG
bvaughn@bleaufox.com

T. Joseph Wendt
BARNES & THORNBURG LLP
jwendt@btlaw.com